UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

DONALD H.,[1]

Plaintiff,

v.

NANCY A. BERRYHILL,
Deputy Commissioner of Social Security,

Defendant.

6:17-cv-1358-JR

ORDER

RUSSO, Magistrate Judge:

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits.

---

[1] In the interest of privacy, this order uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this order uses the same designation for a non-governmental party's immediate family member.

Page 1 - ORDER

Plaintiff asserts disability beginning May 31, 2013 due to: post-traumatic stress disorder, chronic obstructive pulmonary disease, bipolar disorder, sleep apnea, high blood pressure, knee pain, shoulder pain, and hip pain. Tr. 175, 179.

After a hearing, an administrative law judge (ALJ) determined plaintiff was not disabled. Plaintiff asserts the ALJ erred in relying on vocational expert (VE) testimony without addressing plaintiff's post-hearing objections to the testimony.

The ALJ found plaintiff has the residual functional capacity (RFC) to perform light exertion work with certain limitations including only occasional contact with the public, coworkers, and supervisors. Tr. 38. The ALJ asked a VE if an individual of plaintiff's age, education, experience, and RFC could perform jobs existing in the national economy. Tr. 43, 73. Based upon the VE's testimony, the ALJ determined that plaintiff could perform the jobs of "Assembler, small products;" "Inspector, electric equipment;" and "Packager." Tr. 43, 73-74. The VE specifically referred to the Dictionary of Occupational Titles (DOT) in expressing her opinion. Tr. 73-74.

After the hearing, but before the ALJ reached a decision, plaintiff's counsel submitted a post-hearing memorandum and objections to the VE's testimony. Tr. 242-66. Among the objections was the argument that current labor market research and sources of job information dictate the identified jobs require more than superficial interaction with co-workers and supervisors. Tr. 246. Plaintiff offered the expert opinion of Paula Santagati that a person limited to only occasional interaction with coworkers and supervisors would be unable to successfully transition from the training and probationary period of the identified jobs. Tr. 247, 265. Plaintiff also argued the Department of Labor's current tool for assessing occupations is through O*NET given that the DOT has not been updated in decades. Tr. 244-45; see Tr.

262-63. Plaintiff further argued that under the O*NET, the identified jobs no longer appear to be unskilled.

In the ALJ's decision, she overruled the objections stating:

> The VE clearly explained that the jobs cited were SVP 2 unskilled jobs and that her testimony was consistent with the DOT.
>
> ...
>
> I accept the VE testimony as to jobs performable with occasional contact with coworkers and supervisors, as well as the general public pursuant to SSR 00-4p. I further note that the representative failed to cross-examine the VE on this issue despite being given the opportunity to do so at the hearing.
>
> In sum, I find the VE testimony reliable, based on substantial evidence, and supportive of a decision based on a preponderance of the evidence. All objections are hereby overruled, and a supplemental hearing is unnecessary as the representative was offered an opportunity to question the VE as to these inconsistencies at the hearing.

Tr. 32.

SSR 00-04p provides that the Social Security Administration primarily relies on the DOT for information about work requirements and that evidence provided by VEs should be consistent with the DOT. When there is a conflict between the VE and the DOT, an ALJ must elicit reasonable explanation for the conflict before relying on the VE to support a decision about whether a clamant is disabled. See https://www.ssa.gov/OP_Home/rulings/di/02/SSR2000-04-di-02.html.[2]

---

[2] In 2008, The Social Security Administration developed an Occupational Information Development Advisory Panel to provide guidance on the Agency's plan to replace the DOT with a system designed too ensure up-to-date vocational evidence. 73 Fed.Reg. 78864-01 (Dec. 23, 2008). See Johnson v. Berryhill, 2017 WL 4542228 at *2 (W.D. Ky. Oct. 11, 2017) (ALJ should be sensitive to the fact that the DOT entries may be outdated).

Page 3 - ORDER

In this case, the VE who testified at the hearing relied on the DOT and thus her testimony did not conflict with it. Plaintiff's objection was based on the assertion that the DOT is outdated and provided his explanation, though another VE, as to why the conflict should be resolved against the DOT in favor of the O*NET. The ALJ accepted the DOT requirements without addressing the specific objection regarding its current applicability.

The ALJ appears to reject the objections because they were not made at the hearing. Plaintiff primarily relies on the Hearings, Appeals, and Litigation Manual (HALLEX) § I-2-5-55 (2015)[3] for the preposition that the ALJ is required to rule on the objection regardless of whether it was made orally at the hearing or in writing post-hearing. HALLEX does not have the force and effect of law, it is not binding, and courts generally do not review allegations of noncompliance with the manual. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). However, the Commissioner, while arguing that HALLEX is not binding, argues the ALJ sufficiently considered the objections. The objections are part of the record and therefore it is appropriate to consider whether the ALJ's decision to adopt the VE's opinion, which is based on the DOT, is supported by substantial evidence. Cf. Rahe v. Astrue, 840 F.Supp.2d 1119, 1137-39 (N.D. IA. 2011) (Due process requires allowance of cross-examination of post-hearing VE opinion for full development of the record).

In this case, the ALJ did not sufficiently address whether the VE's testimony, supported by the DOT, was current and reliable despite plaintiff's argument that it was not. The court cannot determine, based on the record before it and the ALJ's decision, whether the VE's opinion constitutes substantial

---

[3]Now HALLEX § I-2-6-74(b).

evidence in light of her reliance on possibly obsolete data in the DOT. See Johnson, 2017 WL 4542228 at *2 (decision reversed "in light of the fact that the vocational expert's testimony about the two jobs did not appear to constitute substantial evidence in light of his reliance on occupational descriptions in the DOT that likely were obsolete.").

The Administration is required to take administrative notice of reliable job information available from various governmental and other publications. 20 C.F.R. § 404.1566. While the regulation specifically refers to the DOT, the O*NET is considered to be reliable information by the Department of Labor and, as noted above, the Social Security Administration itself is aware that the DOT is outdated. Moreover, information contained in the DOT is not conclusive evidence of the existence of jobs in the national economy; it is used to establish a rebuttable presumption. DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir.1983). Testimony based on an outdated edition, of the DOT should not be recognized as substantial evidence to support a determination as to the existence of jobs in the national economy. See English v. Shalala, 10 F.3d 1080, 1085 (4th Cir. 1993). Because plaintiff has presented evidence rebutting the reliability of the DOT, the ALJ must address that evidence before relying on testimony supported by the DOT in making a disability determination.[4]

---

[4]This is not to suggest that the ALJ must give preference to the O*NET over the DOT. However, the issue must be addressed. As a District of Colorado decision noted:
> Some courts have remanded for the ALJ to rule on these types of objections concerning the DOT's reliability. See, e.g., Sams v. Berryhill, No.1:17CV15–CAS, 2017 WL 3974239, at *7, *8 (N.D. Fla. Sept. 8, 2017) (finding that plaintiff had "raised the issues of the continuing presumption of reliability of the DOT for certain occupations for which the descriptions have not been updated for many years and which may no longer be available in significant, or even insignificant, numbers in the national economy," and remanding for "the ALJ to reconsider and expressly rule on Plaintiff's objections"); see also Dimmitt v. Colvin , 816 F.3d 486, 489 (7th Cir. 2016)

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and remanded for further proceedings.

DATED this 6th day of August 2018.

                                          s/Jolie A. Russo
                                          JOLIE A. RUSSO
                                          United States Magistrate Judge

---

(describing O*NET as "the most current manual of job descriptions," and criticizing the Social Security Administration for failing to endorse it, despite the Administration's awareness of "the obsolescence of the [DOT]"). Others have come to the opposite conclusion. Moffit v. Berryhill, No. CV 17–4015–JWL, 2018 WL 276770, at *6 (D. Kan. Jan. 3, 2018) (noting that an advisory panel commissioned by the Social Security Administration to review O*NET had found that it was not suitable for disability adjudication in its current form); see also James v. Colvin, No. 16–470–EWD, 2017 WL 4185479, at *12 (M.D. La. Sept. 21, 2017) (finding "the VE did not err by basing her testimony upon information obtained from the DOT" and rejecting plaintiff's argument that the DOT was "an obsolete and stale database" and that the court should look to O*NET). [T]he ALJ's failure to even recognize this objection further supports the Court's conclusion that the ALJ's determination at step five was not supported by substantial evidence.
Pedone v. Berryhill, 2018 WL 460063, at *8 (D. Colo. Jan. 18, 2018).